**LEWIS AND ROCA LLP — LAWYERS**

40 North Central Avenue
19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Ann-Martha Andrews, State Bar No. 012616
Direct Dial: (602) 262-5707
Direct Fax: (602) 734-3764
EMail: AAndrews@LRLaw.com

David W. Cowles, State Bar No. 021034
Direct Dial: 602 262-5745
Direct Fax: 602 734-3755
EMail: DCowles@LRLaw.com

Emily S. Cates, State Bar No. 022703
Direct Dial: 602 262-5757
Direct Fax: 602 734-3947
EMail: ECates@LRLaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREA MARKS, a single woman, | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| vs. | ) **NOTICE OF REMOVAL** |
| | ) |
| BANK OF AMERICA, N.A.; a foreign corporation, FEDERAL NATIONAL MORTGAGE ASSOCIATION dba Fannie Mae, a Federally Chartered Corporation, BLACK CORPORATIONS 1-5, WHITE PARTNERSHIPS 1-5, JOHN BOES 1-5 AND JANE DOES 1-5, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Defendant Bank of America, N.A., gives notice of the removal of the above-captioned lawsuit from the Arizona Superior Court, Yavapai County, to this Court, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and Rule 3.7 of the Local Rules of Civil Procedure of the United States District Court for the District of Arizona. Removal is based on diversity of citizenship under 28 U.S.C. § 1332.

**BACKGROUND**

1. This lawsuit arises out of plaintiffs' home loan originally serviced or originating with Countrywide and allegations concerning modification negotiations, a

2160573.1



1  non-judicial foreclosure sale that took place in January 2010, and a forcible detainer
2  action.  First Am. Compl. ("Compl.") ¶¶ 8, 16, 22.
3      2.    On February 10, 2010, Plaintiff filed the Complaint in the Arizona Superior
4  Court, Yavapai County.  On February 12, 2010, Plaintiff filed a First Amended
5  Complaint.
6      3.    On February 10, 2010, Plaintiff filed a Motion for Temporary Restraining
7  Order and Preliminary Injunction asking the Arizona Superior Court to enjoin any
8  forcible detainer proceedings and to order that Plaintiff's loan modification application be
9  dealt with promptly in accordance with Home Affordable Modification Act Program
10 ("HAMP") guidelines.
11     4.    The Arizona Superior Court granted Plaintiff's request for TRO on
12 February 19, 2010, *ex parte*, thereby temporarily suspending eviction proceedings.  The
13 Court also set a hearing date.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

15     5.    Plaintiff is a resident and citizen of Arizona.  Compl. ¶ 1.
16     6.    Defendant Bank of America, N.A. is a National Association with its main
17 office in North Carolina.  Bank of America is therefore a citizen of North Carolina for
18 purposes of diversity jurisdiction.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318
19 (2006) (holding that a national banking association is a citizen of the state designated in
20 its articles of association as its main office).
21     7.    Defendant Federal National Mortgage Association ("FNMA" or "Fannie
22 Mae") is a federally chartered quasi-governmental corporation existing under the laws of
23 the United States and having its headquarters in Washington, D.C.  It is not a citizen
24 Arizona for purposes of diversity citizenship.
25     8.    Complete diversity exists under 28 U.S.C. § 1332(a)(1) because Plaintiff is
26 a citizen of Arizona and Defendants are all citizens of states other than Arizona.
27     9.    In addition, as explained below, the amount in controversy exceeds
28 $75,000, exclusive of interest and costs.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11. Where it is not evident from the face of the complaint that the matter in controversy exceeds the sum or value of $75,000.00, the party seeking removal is required to prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A party may satisfy this burden by submitting facts with the removal petition. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

12. Plaintiff alleges that breach of damages in connection with "the loss of any [sic] her home, relocation costs, and other damages in amounts to be proven at trial, but in amounts less than $75,000.00." Compl. ¶ 31.

13. Plaintiff also separately alleges that because she operates her business out of her home, she will suffer breach of contract damages from "loss of business and additional expense but in amounts to be proven at trial but in amounts less than $75,000 dollars." Compl. ¶ 32.

14. Thus Plaintiff alleges damages in the amount of the *sum* of (a) up to $74,999 and (b) up to $74,999, for a total of up to $149,998, well in excess of the $75,000 jurisdictional minimum.

15. In addition, Plaintiff seeks attorneys' fees. Compl. ¶¶ 33 & 47. "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). Even where the entitlement to fees is discretionary, the amount-in-controversy requirement includes fees. *Id.* Thus, read fairly, Plaintiff's breach of contract claim seeks payment to Plaintiff of up to $149,998 *plus* attorneys' fees. In short, the amount in controversy exceeds $75,000.



16. In addition to seeking breach of contract damages, Plaintiff also seeks injunctive and declaratory relief, including the quieting of title to what Plaintiff alleges is her real property. Compl. ¶¶ 34-36 (quiet title); *see also* Compl. ¶¶ 37-47 (declaratory and injunctive relief).

17. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *See Hunt v. Wash. Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977).

18. The trustee's deed (the "Trustee's Deed") executed after that sale and recorded in the Yavapai County Recorder's Office by recorder's number 4368869 reflects that the unpaid amount of her debt, together with costs, was $292,942.16 and that the amount paid by the purchaser was $292,915.16. *See* Ex. 1.[1]

19. Based on the Trustee's Deed, which shows unpaid debt in the amount of approximately $292,000, the value of the object of the litigation – the real property at issue in the quiet title, declaratory and injunctive relief counts – exceeds $75,000.

20. Therefore, the amount in controversy in this action exceeds $75,000.

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

21. Defendant's Removal is timely. Bank of America was served on February 18, 2010. This Notice was filed within 30 days of February 18, 2010, in accordance with 28 U.S.C. § 1446(b).

22. Pursuant to 28 U.S.C. § 1446(d) and Arizona District Court Local Rule 3.7, Defendant has on this date has given written notice of and provided a copy of this Notice of Removal to Plaintiff and will promptly file a copy of the Notice of Removal with the Arizona Superior Court, Yavapai County.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, we ask that the Court take judicial notice of this public document and the information it contains, which is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *see also* FED. R. EVID 201(d) "A court shall take judicial notice if requested by a party and supplied with the necessary information.").

2160573.1



23. Pursuant to 28 U.S.C. § 1446(a) and Arizona District Court Local Rule 3.7, attached hereto at Exhibit 2 are copies of all pleadings and other documents filed with the Arizona Superior Court, Yavapai County, or served on Defendant prior to this removal.

24. At the time of removal, Plaintiff's Motion for an Expedited Temporary Restraining Order and Preliminary Injunction was pending insofar as the State court had not ruled on the request for a preliminary injunction, to which a response by Defendants was not yet due.  Pursuant to Local Rule 3.7, this Court "need not consider the motion unless and until a party files and serves a notice of pending motion."  This Notice of Removal is not such a notice, and unless the Court orders otherwise, Defendants will respond to this State court motion only if Plaintiff files such a notice, and in that case, Defendants will respond as permitted under the Federal Rules of Civil Procedure.

25. Defendants reserve the right to amend or supplement this Notice of Removal.

DATED this 2nd day of March, 2010.

LEWIS AND ROCA LLP


By /s/ *David W. Cowles*
    Ann-Martha Andrews
    David W. Cowles
    Emily S. Cates
Attorneys for Defendants

2160573.1

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 2, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, transmittal of a Notice of Electronic Filing, and mailed and e-mailed a copy of this document to:

    Gil Shaw (009290)
    Attorney & Counselor at Law
    105 South Cortez, Second Floor
    Prescott, Arizona 86303
    (928) 443-9600
    gshaw@peoplesrightslaw.com
    Attorney for Plaintiff

     /s/ *Laureen McGlynn*
     LEWIS AND ROCA LLP

6

2160573.1